1  JEFFREY A. COHEN (SBN 149615)
   **COHEN BUSINESS LAW GROUP**
2  *A Professional Corporation*
   10990 Wilshire Blvd., Suite 1025
3  Los Angeles, California  90024
   Telephone:  (310) 469-9600
4  Facsimile:   (310) 469-9610

5  SARAH DE DIEGO (SBN 239321)
   DE DIEGO LAW
6  1223 Wilshire Blvd., 148
   Santa Monica, CA 90403
7  Telephone:  (310) 980-8116
   Facsimile:   (866)774-7817
8

9
   *Attorneys for Plaintiff, Keyword Rockstar,*
10 *Inc.; Jon Shugart; and Luke Sample*

11
                **UNITED STATES DISTRICT COURT**
12
                **CENTRAL DISTRICT OF CALIFORNIA**
13

14
   KEYWORD ROCKSTAR, INC., a          Case No.
15 Georgia corporation; JON SHUGART,
   an individual; and LUKE SAMPLE, an  **COMPLAINT FOR:**
16 individual
                                       **1. BREACH OF ORAL CONTRACT**
17
                  Plaintiff,           **2. BREACH OF IMPLIED**
18                                      **COVENANT OF GOOD FAITH AND**
      v.                                **FAIR DEALING**
19
   JWS PUBLISHING, INC., a Delaware    **3.  BREACH OF IMPLIED**
20 corporation; JORDAN SCHULTZ, an      **CONTRACT**
   individual; and MOBILE TRAINING
21 UNIVERSITY, INC., an unknown         **4. BREACH OF FIDUCIARY DUTY**
   business entity.
22                                      **5. INDUCING BREACH OF**
                                        **CONTRACT**
23                Defendants.
                                       **6. INTENTIONAL INTERFERENCE**
24                                      **WITH CONTRACTUAL**
                                        **RELATIONS**
25
                                       **7. CONVERSION**
26
                                       **8. QUANTUM MERUIT**
27
                                       **9. MISAPPROPRIATION OF TRADE**
28                                      **SECRETS**

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*•Los Angeles•*

COMPLAINT

**10. VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200, ET SEQ.**

(continued on following page)

**11. ACCOUNTING**

**12. DECLARATORY RELIEF**

**Jury Trial Demanded**

Plaintiffs KEYWORD ROCKSTAR, INC., ("KRI"), JON SHUGART ("Shugart"), and LUKE SAMPLE ("Sample"), (collectively, "Plaintiffs"), for their Complaint against Defendants, JWS PUBLISHING, INC., ("JWS"), JORDAN SCHULTZ ("Schultz"), and MOBILE TRAINING UNIVERSITY, INC., ("MTU", individually, and collectively, "Defendants"), state as follows:

## PARTIES

1.  Plaintiff KRI is, and at all relevant times was, a Georgia corporation, incorporated under the laws of the State of Georgia, with its principle place of business in Gainsville, Georgia.

2.  Plaintiff Shugart is, and at all relevant times was, an individual and citizen of the State of Georgia, with his primary place of residence in Gainesville, Georgia.

3.  Plaintiff Sample is, and at all relevant times was, an individual and citizen of the State of Missouri, with his primary place of residence in Cape Girardeau, Missouri.

4.  Defendant JWS is a Delaware corporation, incorporated under the laws of Delaware, with its principal place of business in the City of San Diego, County of San Diego, California. On information and belief, JWS directs its marketing activities within the State of California; communicates with residents of the State of California; and regularly conducts business with residents of the State of California.

5. On information and belief, Defendant Schultz is an individual and citizen of the State of California, with his primary residence in the City of San Diego, County of San Diego, California.

6. Defendant MTU is an unknown business organization with its main place of business in the City of San Marcos, County of San Diego, California. On information and belief, MTU directs its marketing activities within the State of California; communicates with residents of the State of California; and regularly conducts business with residents of the State of California.

7. The true names and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 10 are unknown to Plaintiffs, which therefore sues those Defendants by such fictitious names. Plaintiffs will amend this Complaint to show the true names and capacities of such fictitiously named Defendants when the same have been ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the fictitiously named Defendants are indebted to Plaintiffs as hereinafter alleged and that Plaintiffs' rights against the fictitiously named Defendants arises from such indebtedness.

## JURISDICTION AND VENUE

8. Plaintiffs allege this Court has original jurisdiction under 28 USC § 1332, in that it is a civil action between citizens of different states in which the matter in controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. 28 U.S.C. § 1391(b)(2). Specifically, Defendants improperly instructed Plaintiffs' customers, who are in some cases, residents of Los Angeles County, California, to obtain a refund or chargeback for prepaid services from Plaintiffs in order that the same customers then purchase the same services

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

from Defendants. Such action by Defendants was directed to customers within the Venue and the damage resulting therefrom occurred within the Venue.

10.     By committing the foregoing acts, Defendants improperly used Plaintiffs' trade secrets and confidential client lists; interfered with contracts between Plaintiffs and residents of Los Angeles County; breached fiduciary duties owed by Defendants to Plaintiffs; and otherwise caused Plaintiffs to lose revenues and good will in Los Angeles County, California. Accordingly, venue is proper in the Central District of Los Angeles.

11.     On information and belief, Defendants are subject to this Court's specific and general jurisdiction pursuant to due process and/or California Long Arm Statute, due at least to Defendants' substantial business in this forum, including: (i) at least a portion of the contracts between Plaintiffs and its customers were breached as alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and this district.

## FACTUAL BACKGROUND

12.     On or about July 8, 2014, Schultz contacted Plaintiff Shugart requesting that Plaintiffs assist Schultz in running a webinar as a joint venture, with the proceeds from the webinar being split such that 50% of the proceeds would go to Plaintiffs and 50% of the proceeds would go to Schultz.

13.     Schultz collected the revenue from this first successful joint venture and split the proceeds 50/50 with Plaintiffs.

14.     On or about August 29, 2014, Plaintiffs and Schultz jointly formulated, discussed and developed a video product idea which utilizes the internet service known as Instagram for distribution ("Instagram Product") as a joint venture, with the proceeds from the webinar being split such that 50% of the proceeds would go to Plaintiffs and 50% of the proceeds would go to Schultz.

15.     On or about September 16, 2014 the Plaintiffs and Schultz jointly produced the first webinar for the Instragram Product and split the proceeds 50/50. After successful promotion of the Instagram Product the Plaintiffs and Schultz began discussing moving from a joint venture relationship to a partnership.

16.     On or about October 2, 2014 Plaintiffs and Schultz entered into a formal oral contract to form and operate a business together, whereby Plaintiffs would provide Schultz with marketing services, sales distribution, and merchant processing expertise and the parties would jointly create educational product videos for sale to customers of the newly created business.

17.     Plaintiffs and Schultz further expressly agreed, inter alia, to allocate specific responsibilities for the business, share information regarding the accounting for all of profits and losses, and further agreed to split proceeds from the sale of the video products produced by the partnership with 50% of the proceeds going to Plaintiffs and 50% of the proceeds to Schultz.

18.     The forgoing agreements, and each of them, were thereby sufficient to and did thereby create a partnership between Plaintiffs and Schultz (the "Partnership").

19.     As part of their agreement, the parties created a mutually accessible customer and sales database containing a customer list that belongs to the Partnership, which contains names, addresses, phone numbers, email addresses, payment information and other information pertaining to individual sales for accounting purposes.

20.     In or about November 2014, and again in January 2015, Plaintiffs and Schultz discussed and settled the accounting for the proceeds from the sale of Defendants' services and products collected by them, and continued their joint Partnership operations through June 2015.

COHEN
BUSINESS LAW GROUP
A Professional Corporation
*Los Angeles*

21.     On information and belief, in or about November 2014 Schultz formed JWS in order to carry on the business conducted by the Partnership.  Plaintiffs believe and allege that Schultz is the sole shareholder, officer, and director of JWS.

22.     On or about June 17, 2015, Plaintiffs and Schultz met in San Diego, California, where they re-allocated responsibilities between them and agreed that Plaintiffs would now handle all of the merchant processing arrangements while Schultz would only be responsible for preparing and presenting the Partnership's informational video "coaching sessions."  Plaintiffs and Schultz also agreed to adjust the profit split for the Partnership such that Shugart, Sample, and Schultz each received 1/3 of the proceeds from the sale of the products and services. Plaintiffs and Schultz further agreed to conduct weekly accounting so that neither party would be able to fall behind on payments owed to the other party.

23.     On or about July 1, 2015, in breach of their agreement, Schultz refused to provide Plaintiffs with an accounting or to return Plaintiffs' portion of the proceeds earned from the sale of the Partnership's products and services.   Schultz also terminated Plaintiffs' access to the Partnership's customer and sales database in violation of the Agreement and in violation of all Partnership obligations and in an effort to deny Plaintiffs any accounting information and to injure the Plaintiffs and the Partnership.

24.     On information and belief, in or about July 2015, Schultz misappropriated the partnership's confidential customer list and without Plaintiffs' knowledge or consent contacted the Partnership customers who had signed up and paid for an online informational marketing session and informed them that the marketing session would not be going forward in July, as previously agreed, but instead will be moved to August.

25.     Schultz also instructed the customers to notify their credit or other payment companies that the charge was fraudulent and demand a refund or

"chargeback" against Plaintiffs for the fees paid to the Partnership, and then instead to pay the same money to Defendants directly for the same services and products in an effort to thereby deprive Plaintiffs and the Partnership of proceeds.

26.    As a result of Defendants' express instruction to cancel the services previously purchased from the Partnership and other statements to the customers, numerous customers contacted Plaintiffs to request a refund for the services previously purchased.  The Partnership has a no refund policy once the services are purchased but have been required to grant refunds in some cases as the result of the Defendant's actions alleged herein.

27.    Plaintiffs have asked Defendants on multiple occasions to release the Partnership accounting information.  Plaintiffs have likewise asked Defendants to return their share of the Partnership's proceeds from the sale of the Partnership's goods and services.  However, to date, Defendants have failed and refused to do so.

28.    On August 8, 2015, Defendants sent an email to the Partnership's customers, wherein Defendants falsely stated that Plaintiffs had somehow "scammed" the Partnership's customers with regard to the services and goods being offered by the Partnership, which services and goods Defendants falsely claim "didn't work" because Defendants had "tested them all."

29.    On information and belief, Plaintiffs have been injured in excess of $400,000.00.

30.    On information and belief, Plaintiffs allege that Defendants and each of them participated in the formation and operation of a conspiracy to wrongfully deprive Plaintiffs of their profits, interest in the Partnership, and the Partnership's trade secrets and confidential client list.  Plaintiffs further allege, on information and belief, that Defendants committed various wrongful acts pursuant to the plan, resulting in damages to Plaintiffs thereby rendering each of the Defendants as a joint tortfeasor for all damages ensuing from the wrongful acts.

## FIRST CAUSE OF ACTION

## BREACH OF ORAL CONTRACT

## (Against JORDAN SCHULTZ)

31.     Plaintiffs refer to and incorporate paragraphs 1 through 24 above as though fully set forth herein.

32.     In or about August 2014, Plaintiffs and Schultz entered into an oral agreement pursuant to which Plaintiffs would provide Schultz with software development and merchant processing for Schultz's online informational marketing products and services.  On October 2, 2014, Plaintiffs and Schultz met and further agreed to conduct accounting of profits and losses, split proceeds from the sale of Schultz's products and services with 50% of the proceeds going to KRI and 50% of the proceeds to Schultz, and to create and use a mutually accessible customer and sales database containing a Partnership customer list and information pertaining to individual sales for accounting purposes.

33.     On or about June 17, 2015, Plaintiffs and Schultz met in San Diego, California to discuss the accounting and revenue split arrangement.  At the meeting they agreed to adjust the profit split from the sale of services and goods such that Shugart, Sample, and Schultz would each receive 1/3 of the proceeds. They further agreed to conduct weekly accounting so that none of the parties would be able to fall behind on profit split payments owed to the other party.

34.     Plaintiffs have performed all conditions, covenants and promises required to be performed on their part in accordance with the terms of the oral agreements.

35.     Schultz has breached the terms and conditions of the oral agreements with Plaintiffs by: failing to provide Plaintiffs with an accounting of the proceeds from the sale of goods and services; failing and refusing to pay Plaintiffs their portion of the proceeds from the sale of the jointly devised goods and services; and

COHEN
BUSINESS LAW GROUP
A Professional Corporation
*Los Angeles*

cutting off Plaintiffs' access to the customer and sales database, despite Plaintiffs' repeated requests for an accounting, payment, and access to the customer and sales database system.

36.     As a result of the above-referenced breach by Schultz, Plaintiffs have been damaged well in excess of the jurisdictional minimum of $75,000.00.

## SECOND CAUSE OF ACTION
### BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
### (Against JORDAN SCHULTZ)

37.     Plaintiffs refer to and incorporate paragraphs 1 through 35 above as though fully set forth herein.

38.     In addition to the various breaches identified above, Schultz breached an implied promise under the oral agreements when Defendants cut off Plaintiffs' access to the customer and sales database, misappropriated the customer list, and contacted existing customers and instructed them to obtain a refund or chargebacks, and purchase the same goods and services from Defendants.

39.     As a result of Schultz's various breaches of the implied covenant of Good Faith and Fair Dealing as set forth above, Plaintiffs sustained damages in an amount according to proof at trial.

///
///
///
///
///
///
///

COHEN
BUSINESS LAW GROUP
A Professional Corporation
*Los Angeles*

## THIRD CAUSE OF ACTION

### BREACH OF IMPLIED CONTRACT

### (Against JORDAN SCHULTZ and JWS PUBLISHING, INC.)

40.     Plaintiffs refer to and incorporate paragraphs 1 through 38 above as though fully set forth herein.

41.     Pursuant to California Civil Code § 1619, contracts can be created by the conduct of the parties, without spoken or written words.  Contracts created by conduct are just as valid as contracts formed with words.

42.     As described above, beginning in or about August 2014, with the final details being agreed to on October 2, 2014, Plaintiffs and Schultz, through their respective representatives, discussed the formation of a partnership through which Plaintiffs would provide various sales distribution, and merchant processing for Schultz's online informational marketing products and services; the partnership would market and sell these services; the partners would keep track of customers, accounts, and monies through a mutually accessible customer and sales database; and profits from the sale of various goods and services would be split between Plaintiffs and Schultz.

43.     Plaintiffs, Schultz and JWS each intended that a partnership be formed, and upon Schultz's request, Plaintiffs performed sales distribution, and merchant processing services for Defendants, and behaved as though a partnership had been formed.

44.     Defendants breached the implied partnership contract by failing and refusing to provide Plaintiffs with an accounting of the proceeds from the sale of goods and services; failing and refusing to pay Plaintiffs their portion of the proceeds; refusing to conduct scheduled marketing classes; and cutting off Plaintiffs' access to the customer and sales database.

45.     As a result of the above-referenced breaches, Plaintiffs have been damaged in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

## (Against JORDAN SCHULTZ and JWS PUBLISHING, INC.)

46.     Plaintiffs refer to and incorporate paragraphs 1 through 44 above as though fully set forth herein.

47.     As described above, beginning in or about August 2014, with the final details being agreed to on October 2, 2014, Plaintiffs and Defendants, through their respective representatives, entered into a partnership, pursuant to which Plaintiffs were to provide various sales distribution, and merchant processing for Schultz's online informational marketing products and services; the partnership would market and sell these services; the partners would keep track of customers, accounts, and monies through a mutually accessible customer and sales database; the parties would conduct periodic accounting; and profits from the sale of various goods and services would be split between Plaintiffs and Defendants.

48.     By virtue of the Partnership, the relationship between Plaintiffs and Defendants was fiduciary in nature.  Defendants thereby owed Plaintiffs the fiduciary duties of loyalty and care and the obligation to conduct the Partnership business in good faith and fair dealing.

49.     By virtue of the Partnership, a relationship of fidelity, honesty, integrity, trust and confidence existed at all times herein mentioned between Plaintiffs and Defendants.

50.     Plaintiffs placed confidence in and relied on Schultz's duty to conduct Partnership business in good faith.  Defendants owed a duty to act towards Plaintiffs in the utmost good faith to, among other things, disclose to Plaintiffs all relevant and material information regarding the Partnership profits, to treat the

COMPLAINT                                                    - 11 -

business opportunities and business assets as belonging to the Partnership, and not to appropriate Partnership clients for their own benefit and competing business.

51.     Defendants have refused to provide Plaintiffs with an accounting of the Partnership proceeds and to return Plaintiff's portion of the Partnership proceeds earned from the sale of the Partnership's products and services. Defendants also cut off Plaintiffs' access to the partnership's customer and sales database in an effort to deny Plaintiffs any accounting information and to injure the Partnership.

52.     On information and belief, since July 1, 2015, Defendants have misappropriated the partnership's confidential customer list and have contacted existing Partnership customers to inform them that a prepaid scheduled online seminar was cancelled, and instructed them to obtain a refund or chargeback for prepaid partnership services and goods, and instead to pay Defendants directly for the same goods and services in an effort to deprive Plaintiffs of Partnership proceeds.

53.     By unilaterally taking the aforementioned actions, Defendants have breached their fiduciary duties of loyalty and care and the obligation to conduct the Partnership business in good faith and fair dealing.

54.     As a proximate result of Defendants' breaches of fiduciary duties owed to the Partnership and to Plaintiffs, Plaintiffs have suffered damage in that they have been deprived of a past, current and on-going income, and have been deprived of their share of on-going business which is the result of months of development and substantial investment.  Further, the Partnership's and Plaintiffs' reputation has been adversely affected.  Defendants' sudden and unilateral lockout of Plaintiffs from access to Partnership customer and sales database has deprived Plaintiffs of the ability to conduct an accounting and carry on the business of the Partnership.  It has likewise deprived Plaintiffs of the accumulated assets and funds

in the Partnership account and they have been deprived of any control or participation in the administration and management of Partnership liabilities and obligations.

55.     On information and belief, in doing the acts herein alleged, Defendants have acted with oppression, fraud and malice, in that Defendants have intentionally caused injury and unjust hardship to Plaintiffs; intentionally concealed the formation of a new competing company from Plaintiffs; intentionally sought to deprive the Partnership of its customers; and caused the seizure and transfer of Partnership funds, assets and clients to the new company, thereby depriving Plaintiffs of their legal rights.  Plaintiffs are therefore entitled to punitive and/or exemplary damages in a sum to be proven.

### FIFTH CAUSE OF ACTION
### INDUCING BREACH OF CONTRACT
### (Against JORDAN SCHULTZ, JWS Publishing, Inc., and
### Mobile Training University, Inc.)

56.     Plaintiffs refer to and incorporate paragraphs 1 through 54 above as though fully set forth herein.

57.     Plaintiffs had existing contracts with its customer pursuant to which Schultz was supposed to provide Partnership services to customers in the form of an online coaching session in July 2015.   Defendants knew of these existing contracts when they contacted the Partnership customers and informed them that the July coaching session was going to be cancelled and instead take place in August 2015.  Defendants also instructed the customers to obtain a refund or chargeback for prepaid services and goods, and instead pay Defendants directly for the same services.

58.     Plaintiffs are informed and believe, and based thereon allege that Defendants acted with the intent to have the Partnership customers breach their

contracts with the Partnership and cause harm to the Partnership's profits and reputation.

59.     Plaintiffs are informed and believe, and based thereon allege that Defendants intentionally refused to perform the online coaching session and induced the Partnership customers to request a chargeback and/or refund of the monies previously paid to the Partnership, and that their actions resulted in Partnership customers requesting refunds and chargebacks in breach of their agreements with the Partnership.

60.     Plaintiffs are informed and believe, and based thereon allege that as a result of Defendants' conduct, the Partnership and Plaintiffs lost profits and proceeds and were harmed, subject to proof at the time of trial.

61.     Plaintiffs are informed and believe, and based thereon allege, that Defendants committed the acts alleged herein willfully, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs' reputation and in causing Plaintiffs to lose revenues, and from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights.  Plaintiffs are therefore entitled to recover punitive damages from Defendants.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS
### (Against JORDAN SCHULTZ, JWS Publishing, Inc., and
### Mobile Training University, Inc.)

62.     Plaintiffs refer to and incorporate paragraphs 1 through 60 above as though fully set forth herein.

63.     Plaintiffs had existing contracts to provide Partnership goods and services to various customers in the form of prepaid online coaching sessions. Defendants knew of these existing contracts when they contacted the Partnership customers and informed them that the July coaching session was going to be

cancelled and instead would take place in August 2015.  Defendants also instructed the customers to obtain a refund or chargeback for prepaid services and goods, and instead pay Defendants directly for the same services.

64.    Plaintiffs are informed and believe, and based thereon allege that upon Defendants' instructions, various Partnership customers requested chargebacks and refunds for previously prepaid Partnership goods and services, thereby preventing the Partnership from performing its services for the Partnership customers.

65.    Plaintiffs are informed and believe, and based thereon allege that Defendants intended to disrupt the Partnership's performance of services for its customers when Schultz refused to conduct the scheduled online coaching session and when Defendants instructed the customers to obtain refunds and chargebacks from the Partnership.

66.    Plaintiffs are informed and believe, and based thereon allege that as a direct result of Defendants' conduct, the Partnership and Plaintiffs lost profits and proceeds and its reputation was otherwise harmed, subject to proof at the time of trial.

67.    Plaintiffs are informed and believe, and based thereon allege, that Defendants committed the acts alleged herein willfully, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs and from an improper and evil motive amounting to malice, and in conscious disregard of Plaintiffs' rights.  Plaintiffs are therefore entitled to recover punitive damages from Defendants.

## SEVENTH CAUSE OF ACTION
### CONVERSION
### (Against JORDAN SCHULTZ and JWS Publishing, Inc.)

68.    Plaintiffs refer to and incorporate paragraphs 1 through 66 above as though fully set forth herein.

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

69.     Plaintiffs are informed and believe, and based thereon allege, that Defendants owed monies to the Partnership and to Plaintiffs, and that Defendants misappropriated and otherwise refused to return funds owed to Plaintiffs, and instead kept the owed monies for themselves.

70.     Despite demands for the return of such monies, Defendants have failed and refused to return any such monies to the Partnership and to Plaintiffs, and have converted them to their own use and benefit.

71.     As a direct and proximate result of such conversion, Plaintiffs have suffered damages in a sum in excess of $400,000 according to proof.

72.     In doing the acts herein alleged, Defendants have acted with oppression, fraud and malice, in that Defendants have intentionally caused injury and unjust hardship to Plaintiffs, intentionally concealed the bookkeeping and client records, and denied Plaintiffs an accounting of profits, thereby depriving Plaintiffs of their legal rights.  Plaintiffs are therefore entitled to punitive and/or exemplary damages in a sum to be proven.

## EIGHTH CAUSE OF ACTION
## QUANTUM MERUIT
### (Against JORDAN SCHULTZ and JWS Publishing, Inc.)

73.     Plaintiffs refer to and incorporate paragraphs 1 through 66 above as though fully set forth herein.

74.     As described above, beginning in or about August 2014 with the final details being agreed to on October 2, 2014, Schultz met with Plaintiffs and requested that Plaintiffs provide sales distribution, and merchant processing for Schultz's online informational marketing products and services.

75.     In reliance on Schultz's request, Plaintiffs allocated a significant amount of time, effort, and money, and rendered sales distribution, and merchant

processing services for Schultz and JWS with the mutual expectation that Plaintiffs would be paid for their services.

76.    Plaintiffs are informed and believe, and based thereon allege, that the services they provided to Schultz and JWS were intended to benefit and did benefit Schultz and JWS in that they were able to obtain new customers and charge the customers for various services and goods, and received substantial payments from customers as a result of Plaintiffs' efforts.

77.    Plaintiffs are informed and believe, and based thereon allege, that it would be entirely unfair and unjust to allow Schultz and JWS to retain the full benefit of Plaintiffs' services without just compensation to Plaintiffs.

## NINTH CAUSE OF ACTION
## MISAPPROPRIATION OF TRADE SECRETS
### (Against JORDAN SCHULTZ, JWS Publishing, Inc., and Mobile Training University, Inc.)

78.    Plaintiffs refer to and incorporate paragraphs 1 through 76 above as though fully set forth herein.

79.    Plaintiffs and the Partnership are the owners of the confidential customer contact information. The customer list contains information regarding the identity, contact information, key contacts, services provided, service preferences, cost structures, pricing, contractual term dates and term expiration dates for the Partnership customers, which information is not generally known to the public, and which derives economic value from not being known to the general public. Such information is compiled by Plaintiffs with a significant expenditure of time and resources, and is kept secret by Plaintiffs, which restrict access to the customer list solely to their employees, on a need to know basis, via a computer system that could only be accessed with the use of a registered login name and password.

80.     On information and belief, after dissociating himself from the Partnership, Defendants improperly used Plaintiffs' trade secret information and confidential client lists to contact the Partnership customers and solicit them to charge back and/or receive a refund of the funds previously paid to the Partnership, and to pay Defendants for the same products and services instead, thereby in fact having the Partnership customers change to Defendants.

81.     Defendants' use and misappropriation of Plaintiffs' customer list and customer contact information caused Plaintiffs harm in the form of lost customers, revenues, profits, confidential information, and loss of reputation among other damages.

82.     Defendants' use and misappropriation of Plaintiffs' trade secrets was a substantial factor in causing Plaintiffs' harm, and Defendants to be unjustly enriched.

83.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause, Plaintiffs great and irreparable injury that cannot fully be compensated in money.  Plaintiffs have no adequate remedy at law. Pursuant to Civil Code § 3426 et seq., Plaintiffs are entitled to injunctive relief prohibiting Defendants from using Plaintiffs' confidential customer list, customer contact information, trade secrets, and from further infringements of Plaintiffs' trade secrets.  Defendants should also be ordered to destroy or return any of Plaintiffs' confidential information and trade secrets in their possession, custody and/or control.

84.     Plaintiffs are informed and believe, and based thereon allege, that Defendants committed the acts alleged herein willfully, maliciously, fraudulently and oppressively, with the wrongful intention of injuring Plaintiffs and from an improper and evil motive amounting to malice, and in conscious disregard of

Plaintiffs' rights.  Plaintiffs are therefore entitled to recover exemplary damages, attorneys' fees and costs from Defendants.

## TENTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSION CODE §17200 – UNFAIR AND ILLEGAL CONDUCT

### (Against JORDAN SCHULTZ, JWS Publishing, Inc., and Mobile Training University, Inc.)

85.     Plaintiffs refer to and incorporate paragraphs 1 through 83 above as though fully set forth herein.

86.     Defendants have engaged in unfair acts, practices, and unlawful competition by committing acts set forth herein, including acts in violation of Civil Code §3426 et seq., within the meaning of California Bus. & Prof. Code §§ 17200 et seq., and including but not limited to the following:  Defendants contacted Plaintiffs' customers from its confidential client list without Plaintiffs' consent and instructed them to obtain chargebacks and/or refunds of monies previously paid to Plaintiffs in order that they pay the same monies to Defendants for the same goods and services, in an effort to harm Plaintiffs and the Partnership.

87.     Such misconduct is unfair and unlawful within the meaning of § 17200 et seq., and therefore constitutes unfair competition.  Defendants' conduct was undertaken with knowledge, and hence intent, to unlawfully and unfairly injure Plaintiffs, and for purposes of advancing the business interests of Schultz at the expense of Plaintiffs and the Partnership.

88.     Defendants' conduct is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated in money.  Plaintiffs have no adequate remedy at law. Pursuant to § 17200 et seq., Plaintiffs are entitled to injunctive relief prohibiting

Defendants from using the confidential customer list and from contacting Plaintiffs' existing and past customers to offer similar services and goods as the Partnership.

89.     Defendants' misconduct constitutes unfair competition in violation of California Bus. & Prof. Code § 17200 et seq., and Plaintiff is entitled to restitutionary relief, including disgorgement of any profits in an amount to be proven at trial, and imposition of civil penalties against Defendants.

### ELEVENTH CAUSE OF ACTION
### ACCOUNTING
### (Against JORDAN SCHULTZ and JWS Publishing, Inc.)

90.     Plaintiffs refer to and incorporate paragraphs 1 through 88 above as though fully set forth herein.

91.     Defendants are in possession of the Partnership customer and sales database, as well as various partnership assets or accounts.  Plaintiffs are entitled to an accounting of profits and losses that occurred during the operation of the Partnership business, as well as of Defendants' profits and losses that occurred after Defendants wrongfully misappropriated the Partnership trade secrets and caused the Partnership's customers to request refunds and chargebacks, and otherwise used the Partnership assets for their own benefit.

92.     Defendants have not provided any of this required information, despite Schultz's agreement to provide the same, and Plaintiffs are entitled to inspect all such books and records.

///
///
///
///
///

COHEN
BUSINESS LAW GROUP
A Professional Corporation
Los Angeles

## TWELFTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (Against JORDAN SCHULTZ and JWS Publishing, Inc.)

93.     Plaintiffs refer to and incorporate paragraphs 1 through 92 above as though fully set forth herein.

94.     Plaintiffs contend that Schultz and JWS are in breach of the oral agreements and partnership agreement pursuant to which Plaintiffs agreed to provide various software development, sales distribution, and merchant processing for Schultz's online informational marketing products and services, and divide profits and losses from the sales of said products and services.

95.     Plaintiffs further contend that Schultz has breached his fiduciary duties to the Partnership by refusing to provide Plaintiffs with an accounting of the Partnership funds received by Schultz, and to return Plaintiff's portion of the Partnership proceeds earned from the sale of the Partnership's products and services.   Plaintiffs also contend Defendants misappropriated the Partnership's client list, contacted Partnership customers and instructed them to seek chargebacks and refunds to purchase the same services and products directly from Defendants in direct competition with the Partnership.

96.     Plaintiffs are informed and believe, and based thereon allege that Defendants deny being in breach of any agreement, and deny that Plaintiffs are entitled to any accounting or the return of any funds.

97.     An actual controversy has therefore arisen and now exists between Plaintiffs and Defendants.  Plaintiffs therefore desire a judicial declaration of the respective rights and duties of the parties, and each of them, including a judicial determination that: Schultz's wrongful conduct adversely and materially affected the partnership business; Schultz willfully committed a material breach of the partnership agreement; Schultz willfully committed a material breach of his

fiduciary duties to Plaintiffs and the Partnership; Schultz's business conduct makes it impracticable to carry on the business in the Partnership as a partner; and Schultz has wrongfully dissociated from the Partnership.

**WHEREFORE**, Plaintiffs pray for judgment against Defendant as follows:

**On the First Cause of Action:**

1.      For damages in an amount to be proven at trial, according to proof;

2.    For Schultz's wrongful dissociation from the partnership by judicial expulsion;

**On the Second Cause of Action:**

3.      For special damages in an amount to be proven at trial, according to proof;

4.      For general damages in an amount to be proven at trial, according to proof;

5.      For punitive and exemplary damages in a sum according to proof;

6.    For Schultz's wrongful dissociation from the partnership by judicial expulsion;

**On the Third Cause of Action:**

7.      For damages in an amount to be proven at trial, according to proof;

8.    For Schultz's wrongful dissociation from the partnership by judicial expulsion;

**On the Fourth Cause of Action:**

9.      For special damages in an amount to be proven at trial, according to proof;

10.     For general damages in an amount to be proven at trial, according to proof;

11.     For punitive and exemplary damages in a sum according to proof;

12.    For Schultz's wrongful dissociation from the partnership by judicial expulsion;

**On the Fifth Cause of Action:**

13.        For special damages in an amount to be proven at trial, according to proof;

14.        For general damages in an amount to be proven at trial, according to proof;

15.        For punitive and exemplary damages in a sum according to proof;

16.    For Schultz's wrongful dissociation from the partnership by judicial expulsion;

**On the Sixth Cause of Action:**

17.        For special damages in an amount to be proven at trial, according to proof;

18.        For general damages in an amount to be proven at trial, according to proof;

19.        For punitive and exemplary damages in a sum according to proof;

20.    For Schultz's wrongful dissociation from the partnership by judicial expulsion;

**On the Seventh Cause of Action:**

21.    For the value of the converted property, in an amount to be proven at trial, according to proof;

22.    For compensation for the time and money spent in pursuit of the converted property, in an amount to be proven at trial, according to proof;

23.    For punitive and exemplary damages in a sum according to proof;

24.    For Schultz's wrongful dissociation from the partnership by judicial expulsion;



**On the Eighth Cause of Action**:

25.     For restitution of benefits unjustly received by Defendants in an amount to be proven at trial, according to proof;

**On the Ninth Cause of Action:**

26.     For special damages in an amount to be proven at trial, according to proof;

27.     For unjust enrichment in an amount to be proven at trial, according to proof;

28.     For general damages in an amount to be proven at trial, according to proof;

29.     For punitive and exemplary damages in a sum twice the amount of any award, according to proof;

30.     For Schultz's wrongful dissociation from the partnership by judicial expulsion;

31.     For a court order enjoining Schultz from using Plaintiffs' trade secret information and confidential client list;

32.     For reasonable attorneys' fees;

33.     For such other and further relief that the Court finds just and equitable;

**On the Tenth Cause of Action:**

34.           For restitution in an amount according to proof at trial;

35.           For consequential damages in an amount according to proof at trial;

36.     For a court order enjoining Defendants from using Plaintiffs' trade secret information and confidential client list

37.     For such other and further relief that the Court finds just and equitable;

**On the Eleventh Cause of Action:**

38.     For an accounting of the books and records of Defendants, and each of them;

**On the Twelfth Cause of Action:**

39.     For an Order determining the parties' rights and interests under the oral partnership agreement, as well as a judicial determination that: Schultz's wrongful conduct adversely and materially affected the partnership business; Schultz

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

willfully committed a material breach of the partnership agreement; Schultz willfully committed a material breach of his fiduciary duties to Plaintiffs and the Partnership; Schultz's business conduct makes it impracticable to carry on the business in the partnership as a partner; and Schultz has wrongfully dissociated from the Partnership;

**On All Causes of Action:**

40.    For costs of suit incurred herein;

41.    For reasonable attorneys' fees;

42.    For interest on all damages at the rate of 10% per annum; and

43.        For such other and further relief as the Court may deem just and proper.

Dated: August 13, 2015                        COHEN BUSINESS LAW GROUP
                                              *A Professional Corporation*

                                              By: _____
                                              JEFFREY A. COHEN
                                              Attorneys for Plaintiffs
                                              Keyword Rockstar, Inc.; Jon
                                              Shugart; and Luke Sample