JEFFREY A. COHEN (SBN 149615)
KEN I. ITO (SBN 279304)
**COHEN BUSINESS LAW GROUP**
*A Professional Corporation*
10990 Wilshire Blvd., Suite 1025
Los Angeles, California 90024
Telephone:   (310) 469-9600
Facsimile:    (310) 469-9610

SARAH DE DIEGO
**DE DIEGO LAW**
1223 Wilshire Blvd., 148
Santa Monica, CA 90403
Telephone:   (310) 980-8116
Facsimile:    (866)774-7817

*Attorneys for Plaintiffs and Counter-*
*defendants, Keyword Rockstar, Inc.; Jon*
*Shugart; and Luke Sample*

FILED
CLERK, U.S. DISTRICT COURT

08/31/16

CENTRAL DISTRICT OF CALIFORNIA
BY:      GR        DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYWORD ROCKSTAR, INC., a Georgia corporation; JON SHUGART, an individual; and LUKE SAMPLE, an individual<br><br>Plaintiff,<br><br>  v.<br><br>JWS PUBLISHING, INC., a Delaware corporation; JORDAN SCHULTZ, an individual; and Does 1-10<br><br>Defendants.<br><br>―――――――――――<br><br>AND RELATED ACTIONS | Case Number: 2:15-cv-06167-DDP-RAO<br><br>**STIPULATED PROTECTIVE ORDER** |


COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
•Los Angeles•

Plaintiffs and defendants, through their undersigned attorneys, hereby stipulate that the following procedures and provisions shall apply to discovery in the above-captioned civil action (the "Action") in order to protect sensitive business, personal and/or proprietary information, trade secrets, and other confidential information. The fact that plaintiffs and defendants have entered into this stipulation is not, and should not be construed as, a waiver by any party of any privilege or objection to any particular discovery request.

## I. GOOD CAUSE

The Complaint and Counter-Claims in this Action arise from a partnership/joint-venture dispute and allege competing claims for trade secret misappropriation, breaches of fiduciary duties, breaches of contract and accounting, among others.  These claims involve allegations that the parties failed to account to each other as contemplated by their agreement to split profits, and that the defendants and counter-defendants misappropriated trade secrets from the plaintiffs and counter-claimants after the parties ceased working together.  Resolution of this dispute will accordingly require discovery and evidence of highly sensitive trade secret, business and financial information for which special protection from public disclosure, and from use other than in connection with this Action, is warranted. Accordingly, the parties request entry of this stipulated protective order to facilitate the exchange of information for use in this Action, while at the same protecting sensitive trade secret, business and financial information that the parties are entitled to keep confidential.  It is the intent of the parties that information will not be designated as confidential for tactical reasons, and that nothing shall be so designated without a good faith belief that it has been maintained in a confidential non-public manner, and there is good cause as to why the information should not be used or disclosed except as set forth herein.

///

///



## II. DEFINITIONS

A.     "Party" means KEYWORD ROCKSTAR, INC., a Georgia corporation; JON SHUGART, an individual; LUKE SAMPLE, an individual, JWS PUBLISHING, INC., a Delaware corporation; JORDAN SCHULTZ, an individual, and any other party that may be joined in this Action.

B.     "Non-Party" means any person or entity not a Party who produces documents or other information or provides testimony in response to a subpoena or other process in this Action.

C.     "Material" is defined as documents, records, tangible materials, testimony, responses to discovery, and other information produced by a Party or Non-Party in discovery in this Action.

D.     "Confidential Information" is information that any producing Party or Non-Party considers in good faith to be confidential information relating to: trade secrets, research, development, strategic planning, compensation or benefits, financial, commercial, confidential, sensitive, personal and/or business or proprietary information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

E.     "Confidential Material." Any document or thing containing Confidential Information that is produced in discovery in these proceedings may be designated by the producing Party or Non-Party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" in the manner set forth below.  Any material that is so marked, together with any copies, abstracts, summaries or information derived therefrom, and any notes or other records regarding the contents thereof, shall be referred to herein as "Confidential Material."

F.     Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or impose unnecessary expenses and burdens on other parties) may expose the Designator to sanctions under applicable law.

G.    The "Designator" is any Party or Non-Party who produces Material in this Action and designates any such Material as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY."

### III. DESIGNATION OF MATERIALS AS "CONFIDENTIAL"

A.    Any Party or Non-Party who produces Material in the course of discovery in this action may designate such Material as Confidential Material if, and only if, that Party or Non-Party believes in good faith that the Material satisfies the definition of Confidential Material, as set forth in herein.

B.    A Party or Non-Party producing Material that the Party or Non-Party believes in good faith meets the definition of Confidential Material may designate such Material by marking the word "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the face of each document and each page so designated at the time it is produced or served, or, in the case of Confidential Material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the information as Confidential Material.

C.    Documents may be produced for inspection before being designated as Confidential Material.  Once specific documents have been designated for copying, any documents containing Confidential Material will then be marked with the appropriate legend before being delivered to the requesting Party. There will be no waiver of confidentiality by the inspection of Confidential Material before such Material is copied and designated pursuant to this procedure.

D.    In the case of interrogatory answers or admissions, designations shall be made by indicating in a preamble that the answers or admissions contain Confidential Material and that the answers, admissions, or portions thereof that

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

contain Confidential Material have been highlighted. Any answers, admissions, or portions thereof that contain Confidential Material shall then be highlighted.

E.      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains Confidential Material shall be made by a statement to such effect on the record at any time before the end of each day of deposition is concluded or by a statement in writing sent to counsel of record within fifteen (15) business days after receipt of the transcript. If the designation is made during a deposition, only persons to whom disclosure of Confidential Material is permitted under Paragraph IV(B) or (C), below, shall remain present while such Confidential Material is being used or discussed. The court reporter shall bind the transcript in separate portions containing the non-Confidential Material and Confidential Material. The reporter shall place the appropriate legend set forth in Paragraph III(B), above, on the cover of the confidential portions of the transcript. The Parties may modify this procedure for any particular deposition through written agreement or agreement on the record at such deposition, without further Court order. In the absence of an agreement on the record or in writing to the contrary, all deposition testimony shall be deemed Confidential Material until the expiration of the aforementioned fifteen business days.

F.      For purposes of this Action, no Party concedes that any Material designated by any other person as Confidential Material has been properly designated as Confidential Material. A Party shall not be obligated to challenge the propriety of the designation of Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge in this or any other action.

G.      If a Party challenges a designation, it shall give written notice to the Designator, and the parties shall attempt to resolve any challenge in good faith on an informal basis ("meet and confer"). If the challenge cannot be informally resolved, the Party challenging the designation may seek appropriate relief from the Court.  However, the burden of proof shall be on the Party claiming confidentiality.

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*•Los Angeles•*

1   The Material shall continue to be treated as designated until the issue relating to the

2   propriety of the designation has been resolved.

3   H.     Any Designator may, at any time, withdraw the "CONFIDENTIAL" or

4   CONFIDENTIAL-ATTORNEYS' EYES ONLY" designation of any Material

5   produced by that Designator.

6   I.     In the event that a Party or Non-Party inadvertently produces Confidential

7   Material without the proper legend, that Party or Non-Party shall notify counsel for

8   the Parties of the omission, and, within seven (7) days of notifying counsel, shall

9   provide counsel for the Parties with new copies bearing the appropriate legend. On

10  receipt of the copy bearing the legend, counsel for the Parties and all other persons

11  who have received undesignated copies of the Material shall return such Material to

12  counsel for the Designator, or destroy such Material and all summaries, copies and

13  other reproductions thereof.

14              **IV. USE AND HANDLING OF CONFIDENTIAL MATERIAL**

15  A.     Confidential Material shall be used only for purposes of preparing for and

16  litigating this Action (including appeals) and not for any other purpose whatsoever,

17  except on written consent of the Designator or by order of the Court.

18  B.     Access to Confidential Material shall be closely controlled and limited to

19  individuals who have a demonstrable and bona fide need to review it. Confidential

20  Material designated "CONFIDENTIAL" shall not be revealed or disclosed, directly

21  or indirectly, in any manner or in any form, to any person, entity, or judicial

22  tribunal other than:

23          1.  Counsel of record for the Parties in this action, including members of their

24              firms and associates, associate attorneys, paralegal, clerical, and other

25              regular employees of such counsel who are assisting in the conduct and/or

26              management of this action;

27          2.  In-house counsel of any Party, and paralegal, clerical, and other

28              employees in said Party's legal departments;

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

3. Employees, officers, members, or directors of Parties who are assisting in the conduct of this Action;

4. The parties, to the extent counsel of record determines in good faith that such disclosure is necessary to provide assistance in connection with this Action;

5. The U.S. District Court, the Court of Appeals, the Supreme Court of the United States, court personnel, and court reporters;

6. Deponents in this Action and their counsel for purposes of this Action;

7. Consultants, experts, and outside litigation support personnel retained by counsel for the Parties to this Action to assist the Parties in the preparation and/or litigation of this Action;

8. Any mediator retained by the parties or appointed by the Court, and employees of such mediator who are assisting in the conduct of the mediation;

9. The person or entity that wrote or received the document or gave the testimony designated as Confidential Material, and

10. Others, if the Designator so agrees in writing or, for good cause shown, the Court so permits.

C.   Confidential Material of a highly confidential or proprietary nature may be designated by the Designator as "ATTORNEYS' EYES ONLY" in the manner described in Section III above.   Material designated "ATTORNEYS' EYES ONLY" may be disclosed or revealed only to those persons identified in paragraphs IV(B)(1) and IV(B)(5)-(10).

D.   No person identified in Paragraph IV(B), except those persons identified in Paragraphs IV(B)(5), shall have access to Confidential Material without first having read this Stipulated Protective Order. Before any person described in Paragraphs IV(B)(4), IV(B)(6), IV(B)(7), and IV(B)(10) is given access to Confidential

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

Material, the person shall agree in writing (by signing the Acknowledgement attached hereto as Exhibit A) to be bound by this Stipulated Protective Order.

E.    If Confidential Material is to be disclosed during a deposition or trial, the agreement to be bound and consent to jurisdiction may be made on the record and under oath, rather than in writing. No person to whom Confidential Material is disclosed may disclose such Confidential Material to any person other than those persons described in Paragraph IV(B), above.

F.    All persons who have access to Confidential Material at any time shall take all precautions necessary to prohibit access to such Confidential Material other than as provided for herein.

G.    Any summaries or copies of Confidential Material shall bear the appropriate legend set forth in Paragraph III(B), above, and shall be subject to the terms of this Stipulated Protective Order to the same extent as the information or document from which such summary or copy is made.

H.    In the event of any disclosure of Confidential Material other than as authorized herein, the disclosing party shall immediately (a) notify the Designator of the Material in writing of the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material, (c) inform the person to whom the disclosure was made of all the terms of this Order, and (d) request such person to execute the Acknowledgment attached hereto as Exhibit A.

I.    The parties acknowledge that this Stipulated Protective Order creates no entitlement to file Confidential Material under seal. A party that seeks to file Confidential Material must comply with Local Civil Rule 79-5.

J.    Within sixty (60) days after final termination of this Action (including any related proceedings in the U.S. District Court, Court of Appeals, and the Supreme Court of the United States), either by final judgment or appeal (if any), all persons and entities in possession of confidential Material shall either destroy the

COHEN
BUSINESS LAW GROUP
A Professional Corporation
•Los Angeles•

1  information and all copies thereof or return the information and all copies thereof to

2  the Designator, at the election of the Designator.

3  K.      Notwithstanding anything contained herein to the contrary, counsel shall be

4  permitted to retain copies of all court filings, transcripts, exhibits, correspondence,

5  and work product containing or reflecting confidential materials; provided,

6  however, that they shall treat such materials as confidential.

7  ## V. GENERAL PROVISIONS

8  A.      This Stipulated Protective Order shall not be construed to restrict or limit the

9  use, dissemination, or disposition by the Designator of its own information that it

10  designates as Confidential Material.

11  B.      Nothing contained in this Stipulated Protective Order shall restrict or limit

12  any Party's right to present Confidential Material to a jury or a court at trial in this

13  Action, and the parties shall take reasonable steps to maintain the confidentiality of

14  such information at a hearing or at trial in such manner as the Court may direct. The

15  use of Confidential Material at trial may be governed by the pretrial order.

16  C.      If any court or governmental agency subpoenas or orders the production of

17  any Material designated hereunder as Confidential Material, the party receiving

18  such subpoena or order shall, within ten (10) days of the receipt of such request and

19  not less than ten (10) days prior to the production of any Confidential Material,

20  notify the Designator of such subpoena or order.

21  D.      This Stipulated Protective Order shall not apply to information or tangible

22  items obtained by means independent of production by a Party or Non-Party

23  through discovery or other proceedings in this Action. The restrictions set forth in

24  this Stipulated Protective Order shall not apply to information or tangible items

25  which at or prior to disclosure in this action are or were within public knowledge,

26  or which the Designator subsequently released into the public arena.

27  E.      Neither this Stipulated Protective Order, production or disclosure of Material

28  under this Stipulated Protective Order, nor designation or failure to designate

COHEN
BUSINESS LAW GROUP
*A Professional Corporation*
*Los Angeles*

1  Material under this Stipulated Protective Order, shall constitute a waiver of the right

2  of the Designator to maintain the trade secret status or confidentiality of that

3  Material in other contexts.

4  F.      This Stipulated Protective Order may be modified or amended by agreement

5  of the Parties hereto with the approval of the Court. To the extent that the Parties

6  fail to agree on a modification proposed by any Party, nothing contained herein

7  shall be deemed to preclude any Party from moving the Court, for good cause

8  shown, for a ruling that modifies this Stipulated Protective Order in any respect.

9  G.      This Stipulated Protective Order shall not be construed as waiving any right

10 to assert a claim of privilege, relevance, or other grounds for not producing

11 Material.

12 H.      This Stipulated Protective Order shall survive and continue to be binding

13 after the conclusion of this Action, and this Court shall retain jurisdiction to enforce

14 the provisions of this Stipulated Protective Order.

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///



I.      This Stipulated Protective Order will become effective when signed by the Parties and shall operate retroactively to the inception of this Action. Any material produced prior to the signing of this Stipulated Protective Order shall be treated as Confidential upon notification by opposing counsel.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

Date: August 29, 2016                COHEN BUSINESS LAW GROUP
                                     A Professional Corporation


                                     By: s/ Jeffrey A. Cohen
                                     JEFFREY A. COHEN
                                     KEN I. ITO
                                     Attorneys for Plaintiffs/Counter-defendants
                                     Keyword Rockstar, Inc.; Jon
                                     Shugart; and Luke Sample


Date: August 29, 2016                DE DIEGO LAW


                                     By: s/ Sarah De Diego
                                     SARAH DE DIEGO
                                     Attorneys for Plaintiffs/Counter-defendants
                                     Keyword Rockstar, Inc.; Jon
                                     Shugart; and Luke Sample


Date: August 29, 2016                COAST LAW GROUP, LLP


                                     By: s/ Chris Polychron
                                     CHRIS POLYCHRON
                                     Attorneys for Defendants/Counter-claimants
                                     JWS Publishing, Inc.; and Jordan Schultz

///
///
///
///
///

1   **IT IS SO ORDERED.**

2   **IT IS HEREBY FURTHER ORDERED AS FOLLOWS:**_____

3   _____

4   _____

5   _____.

6

7   **Date: August 31, 2016**

8                                   Magistrate Judge

9                                   United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

